## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TOMEKA E. SHOCKLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **5:04CV426 (DF)** |
| **vs.** | : | |
| | : | |
| **HEALTHSOUTH CENTRAL** | : | |
| **GEORGIA REHABILITATION** | : | |
| **HOSPITAL,** | : | |
| | : | |
| **Defendant.** | : | |

## O R D E R

Plaintiff Tomeka Shockley, proceeding *pro se*, has moved the Court for leave to amend her complaint (tab 24) in this Title VII discrimination action.  Shockley filed suit against her former employer, Defendant HealthSouth Central Georgia Rehabilitation Hospital ("HealthSouth"), on December 20, 2004, asserting claims for retaliation and wrongful discharge based on her race (tab 1).  Ms. Shockley is African-American.

The Court has given due consideration to Shockley's motion and brief in support, HealthSouth's response, and Shockley's reply thereto.

Shockley proposes to amend her original complaint by: (1) correcting HealthSouth's corporate name—substituting "Rebound, Inc. d/b/a HealthSouth

Central Georgia Rehabilitation Hospital" in place of "HealthSouth Central Georgia Rehabilitation Hospital"; (2) adding the names of two individuals—Will Porter and Kimberly Pretnar—who allegedly discriminated against her during her employment with HealthSouth; (3) adding the words "race discrimination" to ¶ 4; and (4) adding a state-law claim against HealthSouth for defamation of character.

HealthSouth does not object to proposed amendments (1) through (3), and there appears to be no reason for disallowing them; therefore, the Court will permit Shockley to file a recast complaint naming Rebound, Inc. as the appropriate defendant, alleging acts of discrimination by Porter and Pretnar, and adding the words "race discrimination" to ¶ 4.

HealthSouth does object, however, to proposed amendment (4)—the addition of a claim for defamation of character—arguing that the amendment would be futile because Shockley's defamation claim fails as a matter of law.   HealthSouth essentially maintains that a claim for defamation, based on Shockley's allegations, would be unable to survive a motion to dismiss.

## I.      LEGAL STANDARD FOR AMENDING PLEADINGS

A party seeking to amend his or her complaint, after a responsive pleading has been filed, may do so under the Federal Rules of Civil Procedure "by leave of

court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a)(West 2005).  Here, an answer has been filed but Shockley has been unable to secure written consent from HealthSouth regarding her defamation claim.  Therefore, if Shockley is to succeed in adding that claim to her complaint, she must first obtain the Court's permission.  The Court has "extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed."  *Hargrett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995).

The Court's discretion is guided by a number of considerations spelled out by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962).  Of significant importance, according to *Foman*, is whether "the facts and circumstances relied upon by [the party seeking leave to amend] may be a proper subject of relief."  *Id.* at 182.  If relief would not be available under the legal claim asserted by the moving party, amending the complaint would be futile, and denying leave to amend would be within the Court's discretion.  *See DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) ("Where a complaint, as amended, would be subject to dismissal, leave to

amend need not be granted.";[1] *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

## II.    DISCUSSION

Shockley relies on two events in support of her proposed defamation claim: (1) the completion and disclosure by HealthSouth of a Separation Notice—required by Georgia law—stating that Shockley was terminated from the rehabilitation hospital for falsifying records, and (2) the disclosure by HealthSouth of certain documents from Shockley's personnel file to its attorneys who have been retained in connection with this litigation.

In arguing that Shockley's proposed claim is insufficient as a matter of law, HealthSouth raises three objections: (1) the defamation claim, to the extent it is based on HealthSouth's disclosure of the Separation Notice, is time-barred by the applicable one-year statute of limitation and does not relate back to the filing of her original complaint; (2) even if not barred by the statute of limitation, the claim cannot be based on the disclosure of the Separation Notice, an event which is

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *See* **Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

mandated by law and is absolutely privileged; and, finally, (3) the defamation claim, to the extent it is based upon the disclosure of personnel appraisals to HealthSouth's attorneys, fails as a matter of law because such disclosure does not constitute "publication" under the defamation statute.

The Court agrees that Shockley's defamation claim, if added, would be subject to dismissal for each of the three reasons identified by HealthSouth. Consequently, Shockley's motion for leave to add a claim for defamation of character is denied.

**A.  Separation Notice**

**1.  Is Shockley's Defamation Claim Time-Barred?**

Under Georgia law, "[e]ach employer shall furnish each employee a separation notice at such time as the employee leaves the employment of the employer." O.C.G.A. § 34-8-190 (Lexis 2004). The separation notice must list the reasons for the employee's separation and must be furnished to the Georgia Department of Labor in the event that the employee subsequently applies for unemployment benefits. *Id.* HealthSouth executed a Separation Notice regarding Shockley's employment on February 9, 2004. The document states, under the heading Reason for Separation, "Discharge—falsification of records." The communication of this statement to the DOL is the act Shockley alleges is defamatory and upon which her proposed claim rests.

5

"[A]ctions for injuries to the reputation [including defamation of character] must be brought within one year from the date of the alleged defamatory acts regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence." *Davis v. Hosp. Auth. of Fulton County*, 269 S.E.2d 867, 870 (Ga. Ct. App. 1980). HealthSouth provided the Separation Notice to the Georgia DOL on March 17, 2004. Assuming for the moment that this communication could constitute defamation, any action for relief based on it should have been filed no later than March 17, 2005. Shockley, however, proposed to add this claim in her motion for leave to amend, which was filed on June 27, 2005. Consequently, Shockley's proposed claim falls outside of the one-year statute of limitation and, if added, would be subject to dismissal on that ground.

But because Shockley's original complaint was filed on December 20, 2004—within one year of the alleged defamatory act—the statute-of-limitation bar would present no obstacle if she could demonstrate that her defamation claim "relates back" to the filing of her original complaint. Under the Federal Rules, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading."  Fed. R. Civ. Pro. 15(c) (West 2005).[2]

The discrimination claim set forth in Shockley's original complaint is based on "Racial Harassment by supervisor, Retaliation for reporting supervisor's actions."  Compl. ¶ 4.  The proposed defamation claim, on the other hand, is based on a legally obligatory communication to the Georgia DOL related to Shockley's claim for unemployment benefits.  Thus, it appears to the Court that the defamation claim does not relate back to the December 20, 2004 complaint under Rule 15(c) since it involves a separate transaction or occurrence.  Because the alleged defamatory statement in the Separation Notice was communicated to the DOL over fifteen months before Shockley first sought to bring a claim based on that act, and because the claim does not relate back to the originally filed complaint, it is barred by the one-year statute of limitation contained in O.C.G.A. § 34-8-190.

### 2.    Are Separation Notices Privileged Under Georgia Law?

Even if it were not time-barred, Shockley's claim would, if added, be subject to dismissal because the statement she points to as being allegedly defamatory is one contained in a document which is required by law to be furnished to the Department

---

[2] Rule 15(c) provides other circumstances under which an amended pleading may relate back, but those are inapplicable here.

of Labor.  As such, the statement is absolutely privileged and cannot provide the basis for a defamation claim.  *See* O.C.G.A. § 34-8-122 (Lexis 2004) ("All . . . communications . . . either oral or written, from the employer . . . to the department . . . which . . . shall have been delivered . . . in connection with the requirements of the administration of this chapter, shall be absolutely privileged."); *see also **Desmond v. Troncalli Mitsubishi**,* 532 S.E.2d 463, 468 (Ga. Ct. App. 2000) ("To the extent that [plaintiff's] claim was based upon [his employer's] written statement to the Department of Labor, we note that the statements are absolutely privileged and cannot serve as the subject matter or basis for any action for slander or libel in any court of the State of Georgia.) (internal quotation marks omitted).

### B.    Documents Furnished to HealthSouth's Attorneys

To the extent that Shockley's defamation claim is based on statements contained in documents which were turned over to HealthSouth's attorneys for purposes of this lawsuit, her claim, if added, would fail as a matter of law. Therefore, permitting the claim to be added would be futile.

In seeking to assert a claim for defamation, Shockley relies on negative work appraisals contained in a Performance Appraisal Form and an Employee Conduct Record, both of which were placed in her personnel file while she was employed at

HealthSouth.  Exs. 4 &5, Pl.'s Cert. of Need to File Disc., tab 26.  After Shockley initiated this lawsuit, HealthSouth turned over these documents to its retained attorneys.  Shockley alleges that, in so doing, HealthSouth defamed her character. Even assuming the information in the documents is defamatory, which the Court does not decide, an action for defamation based on the disclosure of these documents would nevertheless fail.

Publication is a prerequisite to recovery in a defamation action.  *See* O.C.G.A. § 51-5-1(b) (Lexis 2000); *see also* ***Ekokotu v. Pizza Hut, Inc.***, 422 S.E.2d 903, 904 (Ga. Ct. App. 1992).  Yet the circumstances under which HealthSouth disclosed these documents does not constitute publication as that term is used in the libel statute. "It is well settled that a communication made by one corporate agent to another is not publication in the legal sense."  ***Williams v. Cook***, 386 S.E.2d 665, 666 (Ga. Ct. App. 1989).  Without deciding whether the attorneys retained by HealthSouth are corporate agents, the Court notes that, according to ***Williams***, publication does not occur where an employer communicates allegedly defamatory information to another person who, by reason of his job, has reason to be aware of such information.  ***Id.*** Here, HealthSouth's attorneys, whose job it is to defend against Shockley's employment-discrimination lawsuit, must necessarily have access to documents pertaining to Shockley's job performance.

9

Because the information contained in Shockley's performance appraisals has not been published, Shockley's proposed defamation claim based on the disclosure of those documents fails to state a claim for relief.

## III.   CONCLUSION

For the reasons outlined above, there is no legal basis for the addition of Shockley's proposed defamation claim. The Court, therefore, exercises its discretion under Rule 15(a) to deny Shockley's motion for leave to amend to the extent that it involves a claim for defamation of character. *See  DeLoach*, 405 F.2d at 497. The Court grants Shockley's motion in all other respects.

Accordingly, Shockley's motion for leave to amend (tab 24) is **GRANTED** in part and **DENIED** in part.

SO ORDERED, this 19th day of July, 2005.


**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew